# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MARK A. STARKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10CV61 SNLJ |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff, an inmate at Butler County Jail, for leave to commence this action without payment of the required filing fee [Doc. #5]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $2.21. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $11.05, and an average monthly balance of $4.57. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.21, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: the State of Missouri; Butler County; Susan Boresi (Assistant Attorney General of the State of Missouri) ; R. Kevin Barbour (Butler County Prosecuting Attorney); Paul E. Oesterreicher (Butler County Assistant Prosecuting Attorney); John Howard Bloodworth (Butler County Judge); and Mark Dobbs (Butler County Sheriff).

Plaintiff alleges that after being beaten by another inmate, while incarcerated in Howard County Texas, he suffered compound fractures to his jaw. Plaintiff asserts that he was told by the physician who took care of him immediately after the incident that he needed surgery to repair the jaw. Plaintiff states that two days after he suffered his jaw injury, two unnamed deputies from Butler County picked him up and drove him over 800 miles to Butler County Jail. He claims that defendant Dobbs "knowingly and intentionally extradited" him, even though he knew he had suffered an injury to his jaw.

Plaintiff alleges that upon arrival in Butler County, he was put into a holding cell for over nine (9) hours and treated "as if he were a regular intake inmate," after which time he was examined by a nurse at the jail and transported to the emergency room for medical evaluation. Plaintiff states that the doctor he saw in the emergency

room told him he needed reconstructive surgery on his jaw and made an appointment for him to see a doctor in St. Louis four (4) days later.

Plaintiff states that he was held from March 18, 2010 through March 30, 2010 at the Butler County Jail and treated "as a disciplinary inmate" in that he was subjected to constant lighting in his cell, not allowed to use the phone, not allowed his personal belongings and not allowed to take showers.

Plaintiff additionally claims, in a conclusory fashion, that defendant Bloodworth, Barbour and Oesterreicher "became plaintiffs in a state complaint...falsifying the complaint which allowed a warrant to issue, which is clear vindictive retaliation of civil suit 1:09CV175 SNLJ."

Plaintiff seeks both injunctive and monetary relief in his complaint. He has additionally filed a motion for "injunctive relief" wherein he says he has been "under prejudice for 24 months...by false harassing charges being filed for a third time..state is clearly retaliating against plaintiff."

**Discussion**

Having carefully reviewed plaintiff's allegations, the Court concludes that the complaint is legally frivolous and malicious. As noted above, legal conclusions and threadbare recitals of the elements of a cause of action that are supported by

mere conclusory statements are not entitled to the assumption of truth. See Iqbal, 129 S.Ct. at 1949. In the instant action there are no non-conclusory allegations that would show defendants violated plaintiff's constitutional rights, and thus, the complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

In addition, plaintiff's allegations against John Howard Bloodworth are legally frivolous. Defendant, a state court judge, is immune from liability for damages under § 1983 because the alleged wrongdoings were performed within his judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Similarly, prosecutors Boresi, Barbour and Oesterreicher, are "absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" Burns v. Reed, 500 U.S. 478, 486 (1991)quoting Imbler v. Pachtman, 424 U.S. 409, 431 (1976)(internal citations omitted). "[A] prosecutor's decision whether or not to prosecute is protected by absolute immunity." Roe v. City & County of San Francisco, 109 F.3d 578, 583 (9th Cir. 1997); see also Steele v. City of Bemidji, 257 F.3d 902, 906 (8th Cir. 2001) (absolute immunity protects prosecutor from damages based on decision not to prosecute).

Furthermore, the complaint is legally frivolous as to the State of Missouri, because the State is not a suable entity for purposes of § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989) (state is not a "person" under § 1983). Although Butler County may be subject to liability under § 1983, liability attaches only if the alleged constitutional deprivation is the result of an official policy or custom of the County. See Monell v. Department of Social Serv., 436 U.S. 658, 691 (1978). Plaintiff alleges no facts relative to policy or custom, and therefore, the complaint is legally frivolous as to Butler County. [1]

Moreover, to the extent plaintiff is attempting to plead a violation of due process related to his placement in administrative and/or disciplinary segregation, his claims fail to state a claim for relief. To state a claim under § 1983 for unconstitutional placement in administrative segregation, a prisoner "must show some difference between his new conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship." Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003). Plaintiff has made no such allegations. As a result, his allegations fail to state a claim upon which relief can be granted.

---

[1] Because plaintiff has sued defendant Dobbs only in his official capacity, his claims against Dobbs are in actuality, claims against Butler County and are legally frivolous.

Additionally, the complaint is subject to dismissal because it is malicious. A court may determine that an action or allegation is "malicious" by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. Spencer v. Rhodes, 656 F. Supp. 458, 463 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Id. at 461-63. When determining whether an action is malicious, the Court need not look only to the complaint before it, but may also look to plaintiff's prior litigious conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996).

This Court's records indicate that plaintiff is presently serving a federal sentence that was imposed on July 8, 2009, after pleading guilty to using an instrument of commerce to threaten to destroy a building by means of an explosive, in violation of 18 U.S.C. § 844(e). See United States v. Starkey, No. 1:08-CV-168- SNLJ-LMB (E.D.Mo.). The grand jury indictment in that case charged Starkey with one count of willfully threatening to unlawfully destroy a building by means of an explosive, and one count of transmitting "a threat in interstate commerce, by his use of a telephone, to kill Kevin Barbour and Paul

Oesterreicher, and that the threat was made to extort the Butler County Prosecutor to dismiss a pending criminal charge against [Starkey]." Barbour and Oesterreicher are named as defendants in the instant action. In light of the circumstances surrounding the filing of the instant action, the Court finds that plaintiff has undertaken the present lawsuit for the purpose of harassing Barbour, Oesterreicher, and the other defendants, and not for the purpose of vindicating a cognizable right. As such, this action will be dismissed as malicious, as well as legally frivolous.

Lastly, the Court notes that plaintiff's conclusory claims for "injunctive relief," relating to his claims of being retaliated against are without merit. Plaintiff has not alleged the actual harm he is being subjected to, nor can he show (as outlined above) a likelihood of success on his claims. See Dataphase Sys. v. CL Sys., 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc) (to determine whether preliminary injunctive relief is warranted, court must balance threat of irreparable harm to movant, harm to nonmoving party should injunction issue, likelihood of success on merits, and public interest). As such, his motion for injunctive relief will be denied.

Because plaintiff's federal claims will be dismissed, the Court will also dismiss all remaining pendent state claims. See 28 U.S.C. § 1367(c)(3); United

Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); Hassett v. Lemay Bank & Trust Co.,851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #5] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $2.21 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for injunctive relief [Doc. #7] is **DENIED**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this  16th  day of August, 2010.

                                             _____
                                             STEPHEN N. LIMBAUGH, JR.
                                             UNITED STATES DISTRICT JUDGE